[Cite as *State v. Nealy*, 2023-Ohio-4786.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                                     No. 112777

    v.                           :

MENOKKA NEALY,                           :

    Defendant-Appellant.         :

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 28, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-667887-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Menokka Nealy, appeals her indefinite sentence of 11 to 16 and one-half years in prison, imposed after she pleaded guilty to one count

each of involuntary manslaughter, felonious assault, and child endangering. After a review of the facts and pertinent law, we affirm.

{¶ 2} Nealy pleaded guilty to one count of involuntary manslaughter, a felony of the first degree and one count each of felonious assault and child endangering, felonies of the second degree. The trial court sentenced her to an indefinite sentence of 11 to 16 and one-half years in prison for involuntary manslaughter consecutive to eight years for felonious assault and six years for child endangering for a total sentence of 25 to 30 and one-half years in prison.

{¶ 3} On appeal, Nealy raises one assignment of error in which she argues that the trial court erred by imposing an unconstitutional sentence pursuant to the Reagan Tokes Law.

{¶ 4} Under the Reagan Tokes Law, qualifying first- and second-degree felonies committed on or after March 22, 2019, are subject to the imposition of indefinite sentences. Nealy contends that the Reagan Tokes Law violates her constitutional right to a trial by jury, the separation-of-powers doctrine, and due process.

{¶ 5} On July 26, 2023, the Ohio Supreme Court issued its decision in *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535, finding the Reagan Tokes Law constitutional and determining the law does not violate the separation-of-powers doctrine, the right to a jury trial, and the right to due process. *Id.* at ¶ 41. Nealy concedes *Hacker* is controlling. The arguments presented in this case do not present novel issues or any new theory challenging the constitutional validity of any aspect

of the Reagan Tokes Law left unaddressed by *Hacker*. Accordingly, pursuant to *Hacker*, we overrule the sole assignment of error.

{¶ 6} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

ANITA LASTER MAY, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR